### WILLIAM MARVIN v. GUSTAVE NEWMAN.

*Burden of proving payment of a destroyed note.*

A debtor claimed to have paid a note and then destroyed it. His creditor said he destroyed it without paying. The judge thought the burden of proof, if any, was on the debtor, but charged the jury to determine the question of veracity in view of all the facts. This ruling was approved.

Error to Ionia. Submitted June 13. Decided June 18.

ASSUMPSIT. Defendant brings error.

*Lemuel Clute* for plaintiff in error. Plaintiff must maintain his side of the issue by a preponderance of evidence, *Willett v. Shepard,* 34 Mich., 106; *Stewart v. Ashley,* 34 Mich., 183; 1 Phil. Ev., 812, 813, n. 1; 675, n. 192; 2 Greenl. Ev., § 527, n. 5.

*Smith & Sessions* for defendant in error.

COOLEY, J. Marvin was indebted to Newman in the amount of a promissory note, and by appointment Newman called at Marvin's place of business to receive payment. What took place between the parties in the interview is known only to themselves, and their evidence on the subject is directly in conflict, except that both agree that the note was there destroyed. Marvin says he paid the note and then destroyed it; Newman says Marvin snatched the note from him and destroyed it without payment. The present suit is to recover the amount of the note.

The controversy in the court below seems to have been over the question upon whom was the burden of proof; Marvin claiming that the burden was upon Newman to show that the note was not paid when destroyed, and Newman claiming that Marvin must assume the burden of showing that the note, which it

was agreed was unpaid when the parties met, was then paid. The circuit judge took the latter view, but at the same time said to the jury: "In this case, as in every other, the jury must examine all the testimony. The two parties flatly contradict each other. The jury are to search carefully for any fact or circumstance in the surroundings of the case which will indicate to them where the truth of the whole matter is, and render a verdict accordingly."

The court could not have treated the matter more fairly. The talk about burden of proof had little relevancy: the simple question was, whose testimony the jury would accept, and the jury must necessarily have returned a verdict for the party whose account of the transaction appeared to them most worthy of belief. But if any burden could be said to rest specially upon either party, we think the circuit judge was correct in saying that it was upon the debtor who, admitting that the demand was in force when his creditor entered his place of business, claimed a few minutes afterwards that he had discharged it.

The judgment must be affirmed with costs.

The other Justices concurred.